UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61919-CV-GOLD/MCALILEY

MENIQUE MERTILUS,
individually and on behalf of
others similarly situated,

      Plaintiff,

v.

CABLENET SERVICES UNLIMITED,
INC., a Delaware corporation, and CABLENET
SERVICES UNLIMITED (FLORIDA), LCC,
a Delaware limited liability company,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO AUTHORIZE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MENIQUE MERTILUS, and the additional Plaintiffs opting into this collective

action (collectively "Plaintiffs"), request the entry of an Order permitting under Court-supervised

notice to employees and former employees of Defendants, CABLENET SERVICES UNLIMITED,

INC. and CABLENET SERVICES UNLIMITED (FLORIDA), LLC (collectively, "CABLENET" or

"Defendants"), regarding their opt-in rights for this collective action under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state:

## INTRODUCTION

Plaintiffs were employed as cable technicians for CABLENET. *See* Declaration of Menique

Mertilus, attached to Notice of Filing (D.E. 31) as Exhibits A-D, at ¶ 1.  Their duties included

mostly physical labor related to cable services, including picking up work orders assigned by

CABLENET, driving to job sites, installing and repairing cable, internet or telecommunications

services, documenting the work, and returning the documentation to CABLENET.  *Id.* at ¶ 3; see

also Exhibit E.  Plaintiff, his colleagues, and the similarly situated cable technicians, were paid on a

piece rate basis. *Id.* at ¶ 4.   Plaintiff and his colleagues were likewise similarly subject to the same

terms and conditions of employment.  (Notice of Filing, D.E. 31, Exhibit F).  Although the cable

technicians were paid some minimal overtime, CABLENET failed to pay them for all of the

overtime hours they actually worked. (Notice of Filing, D.E. 31, Exhibits A-D, at ¶ 4-6.

CABLENET 's failure to pay for all hours worked was the result of the company's uniform practice

of not compensating cable technicians for the work the performed before and after their shifts, and

not credit the cable technicians for all the hours they recorded on their time sheets.  *Id.* at ¶ 4-6.

Plaintiffs have sued CABLENET under the FLSA, 29 U.S.C. § 201 *et seq.*, for unpaid

overtime since November 2006.  The present case is alleged as a collective action under 29 U.S.C. §

216(b), which allows similarly situated cable technicians to join this action.  This motion is but the

first of two steps followed by this Circuit for such collective actions in order to give notice to

similarly situated workers regarding the present action and how to join.  *See Hipp v. Liberty Nat.

Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).  Such a procedure is a matter of judicial

economy to avoid piecemeal litigation.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165,

170-171 (U.S. 1989)  ("The judicial system benefits by efficient resolution in one proceeding of

common issues of law and fact arising from the same alleged ... activity.  These benefits, however,

depend on employees receiving accurate and timely notice concerning the pendency of the collective

action, so that they can make informed decisions about whether to participate.").

The notice-step sought by the instant motion is subject only to a lenient standard of proof before extensive discovery has occurred and before consideration of the merits.[1] A plaintiff merely must demonstrate a "reasonable basis" for a collective action, and "[t]he plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Hipp*, 252 F.3d at 1219 (quoting *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11thCir. 1996)). Workers are considered to be similarly situated "if their positions are similar, not identical to the positions held by" the named plaintiffs. *Id. a*t 1217 (quoting *Grayson*, 79 F.3d at 1097 )); *see also Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1273 (11th Cir. 2008); *Ackley v. City of Fort Lauderdale*, 2008 U.S. Dist. Lexis 5214 (S.D. Fla. 2008); *Vaccaro v. Candidates on Demand Group, Inc.,* 2008 U.S. Dist. Lexis 29344 (S.D. Fla. 2008); *Wajcman v. Hartman & Tyner Inc*., 2008 U.S. Dist. Lexis 4708 (S.D. Fla. 2008).  Here, Plaintiffs submit they have demonstrated the requisite reasonable basis for notice to issue to similarly situated cable technicians who performed work on behalf of Defendants' clients at any time on or after February 2006, and ask this Court to authorize such notice.

## I.  THE LAW REQUIRING NOTICE TO SIMILARLY SITUATED EMPLOYEES

To date, the named Plaintiff in the instant case has been joined by seven other cable technicians seeking their unpaid overtime due to the practices testified above.  All concern the same alleged violations of the FLSA as are raised in the present case.  *See* Notice of Filing, D.E. 31, Exhibits A-D.  Rather than allow for  piecemeal litigation – which also dissipates the statute of

---

[1] *See Hipp*, 252 F.3d at 1217-18.  The second step comes later, following discovery of these joined claims,

limitations for those unaware of this litigation and thereby benefits CABLENET despite its unlawful

practices - the instant Motion in this collective action seeks notice to the aggrieved workers of their

opportunity to join and thereby to resolve efficiently all overtime claims cable technicians is in a

single, streamlined, consolidated proceeding, consistent with the procedures of this Circuit for

collective actions.

This collective action seeking overtime compensation is brought under the FLSA.  Section

216(b) of the FLSA, which authorizes employees to bring an action on behalf of themselves and

others similarly situated.  29 U.S.C. § 216(b).  Specifically, § 216(b), entitled Damages; Right of

Action; Attorney's Fees and Costs; Termination of Right of Action, provides in part:

> Any employer who violates the provisions of section 6 or section 7 of
> this Act shall be liable to the employee or employees  affected in the
> amount of their unpaid minimum wages, or their unpaid overtime
> compensation, as the case may be, and in an additional equal amount
> as liquidated damages.  Any employer who violates the provisions of
> '15(a)(3) of this Act shall be liable for the legal or equitable relief as
> may be appropriate to effectuate the purposes of '15(a)(3), including
> without limitation employment, reinstatement, promotion and the
> payment of wages lost and an additional equal amount as liquidated
> damages.  An action to recover the liability prescribed in either of the
> proceeding sentences may be maintained against any employer
> (including a public agency) in any Federal or State court of
> competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly
> situated.  **No employee shall be a party plaintiff to any such action
> unless he gives his consent in writing to become such a party and
> such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) (emphasis added).  Thus, under this statutory procedure, an employee belonging

to a similarly situated class of plaintiffs must opt-in to the class by filing a written consent with the

district court in order to be bound by the outcome of the case.  Without signing and filing such

---

and it allows the court to make a factual determination whether the claims are similarly situated based upon
the information produced. *Hipp*, 252 F.3d at 1218.

express consent, such an employee's claim is not included the outcome of the case. To facilitate the joining of all claims into a single, consolidated proceeding, the law authorizes (and this Motion seeks) conditional certification of an FLSA collective action pursuant to § 216(b), with notice to similarly situated employees of their right to have their claims resolved as part of this proceeding.

The Supreme Court established this procedure in *Hoffman-La Roche, supra*, when it held that trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, and that this authority also included sending court-authorized consent forms to potential plaintiffs.[2]   In so doing, the Supreme Court recognized the benefits of a collective action as follows: "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Id.* at 170.

The Court's authority to supervise notice to class members derives from the district court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *Id.* at 169-72. The *Hoffman-LaRoche* Court determined that court-authorization of the notice serves the legitimate goal of avoiding duplicative suits and setting cut-off dates to expedite disposition of the action. *Id.*

The Eleventh Circuit follows this notice procedure for collective actions. In *Dybach v. State of Florida, Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), the Eleventh Circuit held that the district court had authority to issue an order requiring notice to similarly situated employees

---

2  *Hoffman-La Roche* is an Age Discrimination and Employment Act (ADEA) case.  Because the ADEA incorporates the remedial provisions of the Fair Labor Standards Act, the rule of law is the same for either statute.

of the defendant affording them the opportunity to opt-into the collective action, as provided by section 216(b) of the FLSA. Since *Dybach*, the Eleventh Circuit has joined the other circuits in adopting a "two-tiered" approach to certification of an opt-in class for collective actions. *See, Hipp.*, 252 F.3d at 1219. Under this two-tiered approach, the district court makes an initial determination, based solely upon the pleadings and any evidence, whether notice of the action should be given to potential class members. *Id.* at 1218. Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *Id.*

For purposes of defining the similarly situated class pursuant to 29 U.S.C. § 216(b), a plaintiff needs only to demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices. To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F. 3d at 1217; *see also, Pendlebury v. Starbucks Coffee Company*, 2005 U.S. Dist. LEXIS 574 (S.D. Fla. Jan. 3, 2005) (Marra, J.); *Morgan; Ackley; Vaccaro; Wajcman; supra*. The similarly situated requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance). *Hipp*, 252 F. 3d at 1219; *Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002). A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219. A this stage, "the Court will look to the pleadings and affidavits on record" to determine whether there is sufficient allegations that the named plaintiff is similarly situated to the putative class members. *Pendlebury, supra*, at *9.

In *Hipp*, the Court **rejected** the defendant's contention that each plaintiff's case was unique and required an individual analysis of his or her working conditions. *Hipp*, 252 F. 2d at 252.  The *Hipp* Court found that it was sufficient that the plaintiffs alleged that they all had the **same job title** and that they all alleged **similar, though not identical, treatment**. *Id.*   Likewise, in *Morgan, supra*, the Eleventh Circuit most recently noted:

> . . . Family Dollar ignores the overwhelming evidence showing that the Plaintiffs, as a group, shared a number of factual details with respect to their job duties and day-to-day work. Just because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits.

Applying these standards, numerous courts in the Southern District of Florida have granted conditional certification for a collective action.  For example, in *Vaccaro, supra*, the court  found that "Vaccaro's evidence, consisting of the Complaint, three sworn declarations, and notices of consent to join by ten former employees of Defendant, is sufficient to satisfy the first tier analysis articulated in *Hipp* and warrant a conditional certification of a representative class." *Vaccaro* at \*7. Again, in *Ackley, supra*, the court found the existence of two code enforcement officers with similar duties sufficient to grant conditional certification.  *See also Wajcman, supra.*

Likewise, other district courts in the Eleventh Circuit have granted conditional certification of an FLSA collective action.  In *Barron v. Henry County School System*, 242 F. Supp. 2d 1096, 1101 (M.D. Ala. 2003), the court granted conditional certification based upon the plaintiffs' allegations and the plaintiffs' affidavits in which they stated that they were aware of others who have worked overtime without being compensated.  Noting that the "similarly situated" burden is not heavy, the court found the plaintiffs' allegations and affidavits to be sufficient.  *Id.*, at 1102; *see also, White v. Osmose, supra* (court granted conditional certification for all foremen).

**II.  THE FACTS OF RECORD MEET THE LENIENT "SIMILARLY SITUATED" STANDARD FOR NOTICE TO CABLE TECHNICIANS CONCERNING THIS ACTION**

Under the foregoing law and the evidence of record, Plaintiff has provided an amply reasonable basis for giving class notice.  Per the declarations of the cable technicians, CABLENET has employed a systematic practice of not compensating its cable technicians for all the hours they worked by deducting from their recorded hours, or not compensating them for the hours they worked at the beginning and end of their work day.  *See* Notice of Filing, D.E. 31, Exhibits A-D.  The evidence establishes that the Plaintiff and other cable technicians employed by CABLENET are similarly situated; their job descriptions, duties, and piece-rate based compensation are substantially similar; and that they were all subjected to CABLENET's practice of denying them overtime compensation by erroneously failing to credit or pay for all overtime hours worked.  *See Id.* Specifically, the cable technicians employed by CABLENET shared the following similarities:  all had the same job title; all were paid piece rate; all were given assigned addresses and work daily; all completed a daily sheet as part of a common system of recording hours; all were compensated for only a portion of the hours they recorded on their timesheets; none of them were compensated for the time they spent at the shop before and after their jobs each day.  *See Id.*

Based upon the common scheme to deprive them compensation for all of their overtime hours worked, these cable technicians are all owed overtime wages for their overtime hours, and all those who worked such overtime hours have the right to participate in this collective action. Moreover, the additional cable technicians who continue to come forward to litigate their claims – including the additional cable technicians who have already joined the named Plaintiff in the present

case – all show that similarly aggrieved workers are willing to join this proceeding, if given notice

and the opportunity to do so.  Plaintiffs respectfully submit that notice should issue accordingly.

**ALLEGATIONS AND EVIDENCE OF UNPAID OVERTIME**
**FOR CABLE TECHNICIANS**

1.    **Cable technicians are similarly situated in their duties, are similarly compensated, and were similarly deprived of overtime pay.**

Across its various locations nationwide, CABLENET employs cable technicians such as the

Plaintiff to provide cable, internet and telecommunications installation and/or repair services. *See*

Notice of Filing, D.E. 31, Exhibits A-D at ¶ 3.  Collectively, the named Plaintiff, the Opt-In

Plaintiffs, and the other cable technicians performed substantially these similar duties. *Id.*

Plaintiff, MENIQUE MERTILUS, was a cable technician, in CABLENET's  office in

Pompano Beach, Florida from about June 2008 to October 2009.  Mertilus Declaration, Notice of

Filing, D.E. 31, Exhibit A, at ¶ 1. Opt-In Plaintiffs, MICHAEL GILLIS, JERRY JOHNSON and

FRANK WRIGHT, performed similar work as a cable technician for CABLENET during the

relevant time.  Notice of Filing, D.E. 31, Exhibits B-D.  All cable technicians at CABLENET were

typically paid on a piece rate basis.   *See* Notice of Filing, D.E. 31, Exhibits A-D.  All cable

technicians at CABLENET were required to complete and submit the same paperwork. *See Id.*, at

¶5.  All cable technicians allege the same failure by CABLENET to pay for all overtime hours

worked, based upon CABLENET'S practice of reducing the technicians' recorded hours, and failing

to credit for the hours they spent performing work before arriving at CABLENET's assigned

jobsites, and after leaving CABLENE's assigned job sites. *Id.*, at ¶6-7.  Thus, by allegation and

evidence the members of the class of cable technicians are similarly situated.   The common job

description of Defendants and the uniform application of the Employee Handbook of Defendants

further support the similarity of the members of the alleged class.  Notice of Filing, D.E. 31, Exhibits

E-F.

Thus, the cable technicians employed by CABLENET were similar in every aspect:  duties,

compensation, and paperwork required.  More importantly, all of the cable technicians are similarly

situated in that they were subjected to the same policies mandated by CABLENET for

underreporting of hours worked, thereby resulting in an overtime violation.

2. **Cable technicians continue to seek compensation for their overtime by joining this action and filing additional actions, and more would do so if given notice.**

The United Supreme Court has emphasized that the FLSA should be liberally applied to the

furthest reaches consistent with congressional direction.  *Mitchell v. Lubin, McGaughy & Associates*,

358 U.S. 207, 211 (1959).  With this in mind, it is reasonable to assume that where, as here, there are

similarly situated employees with the same job titles and who are alleged to have experienced the

same FLSA violations, these potential class members would opt-in to the lawsuit if given notice of

it.  *Reab v. Electronic Arts, Inc.*, 2002 WL 320769510 at * 6 (D. Col. 2002).  Similarly, in *Barron,*

*supra*, the court agreed to accept, for purposes of deciding the instant motion for conditional

collective action certification, that there are persons . . . who have suffered wage and hour violations

who would join this suit if they had notice of the suit."  *Barron*, 242 F. Supp. 2d at 1101.

Since MENIQUE MERTILUS filed the instant lawsuit, seven plaintiffs have joined the case,

and two other cable technicians have filed their own lawsuit seeking unpaid overtime like the

Plaintiff and the opt-in Plaintiffs.  *See Theozil v. Cablenet Services Unlimited, LLC*, S.D. Fla. Case

No. 09-61983-CIV-PAS.  The Opt-In Plaintiffs to this action performed similar duties, were

similarly compensated, and similarly denied overtime pay.  Together, Plaintiff and Opt-In Plaintiffs

demonstrate that a class of similarly situated persons exists who would opt into this action if given

notice and an opportunity to be heard.  Plaintiff and the Opt-In Plaintiffs have testified accordingly. *See* Notice of Filing, D.E. 31.  The continued growth of this litigation, as well as the filing of subsequent litigation, all clearly demonstrate the need for a collective action nationwide to address the claims of all such workers through notice and a single proceeding.

The continued addition of other cable technicians who have opted into this case, all confirm that similarly situated employees exist who desire to opt into this collective action against CABLENET for unpaid overtime compensation and, correspondingly, that the Court's supervision of notice to such current and former employees is appropriate under the applicable case law for managing such claims efficiently.  The common questions of law and fact predominate over any questions affecting only the Plaintiff, and persons similarly situated to Plaintiff.  As evidenced by the number of persons so affected, as well as the persons who have already opted into this case, a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the employees herein described and CABLENET.

Accordingly, Plaintiff unquestionably has established the two prongs of *Hipp* necessary for conditional class certification.  One, Plaintiff clearly has defined a class of current and former employees similarly situated to them in all relevant respects: (a) job duties (cable technicians providing installation, and/or repair services); (b) who have been subjected to Defendants' unlawful failures to credit and pay for all overtime hours worked due to a practice of not crediting Plaintiff and similarly situated persons for hours worked at the start of the day at Defendants' shop and hours worked at the end of the day returning to Defendants' shop.  Two, it is equally clear that Plaintiffs have established that similarly situated employees will join the case if provided with notice, through all their Declarations, the opt-ins and the additional lawsuit filed by other cable technicians.  Indeed,

in the instant case, Plaintiffs have presented evidence comparable to what other Courts in the Southern District of Florida have found sufficient for conditional certification of an FLSA collective action. *See Rivera v. Gennaro's Produce, Inc.,* S.D. Fla. Case No. 07-61134-Civ-Dimitrouleas (Dec. 28, 2007) (conditional certification granted based upon evidence from one named plaintiff) (D.E. 23);  *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. May 17, 2006) (conditional certification of an FLSA collective action granted with only a single opt-in plaintiff, based upon two affidavits B one from the single named plaintiff and one from opt-in plaintiff); *Reyes v. Carnival Corp.*, 2005 U.S. Dist. Lexis 11948, 2005 WL 4891058 (S.D. Fla. May 25, 2005) (named plaintiff's affidavit, in combination with the two opt-in plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *see also, Vaccaro, Ackley, Wajcman, supra.*

Therefore, Plaintiff brings this collective action on behalf of all employees similarly situated to them, including all current and former cable technicians throughout the United States for the benefit of CABLENET at any time from on or after March 2007 without compensation for all of their overtime hours worked.  Plaintiff asks the Court to give notice to potential class members accordingly, consistent with the usual procedures for collective actions by similarly situated employees.[3]

---

3 Although the current and former similarly situated employees are ultimately identifiable with certainty, the complete identification of individual members of this putative class cannot accomplished at this time, except by limited access to CABLENET's personnel records concerning such individuals under the Court-supervised procedure proposed here in order to give notice to such individuals.

### 3. **Notice is appropriate for additional reasons**

Not only does the record evidence support notice under the lenient standard of the initial step in the two-tiered approach to collective actions, but notice also is appropriate for several, additional reasons. First, the putative collective action members in this case have serious statute of limitations concerns. Unlike the statute of limitations for a putative class member in a Rule 23 class action, the statute of limitations for a putative collective action member is not tolled when the action is commenced. *See Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). Instead, the statute of limitations continues to run until the collective action member files his or her consent form. *Grayson*, 79 F.3d at 1106. In the FLSA context, judicial notice promotes the remedial purpose of §216(b) by preventing the erosion of claims due to the running of statutes of limitations.

Second, because the size and geographic scope of the putative class, Plaintiffs and the Court cannot simply rely upon "word of mouth" to provide a fair method of providing timely, adequate notice of the lawsuit. As set forth above, CABLENET operates in multiple states. It has hundreds of cable technicians at any time working in multiple locations. During the relevant time, it employed but failed to pay all overtime wages to an even larger number of current and former cable technicians. Many of these workers may no longer be in CABLENET's employ or working alongside other CABLENET employees. Therefore, notice is the only realistic and efficient method for communicating with the class.

Finally, Plaintiff proposes that notice be agreed by the parties in a form substantially tracking judicial notice forms that this Court has approved in other FLSA cases. The proposed notice would meet the requirement of *Hoffman-LaRoche*, that the notice be "timely, accurate, and informative."

493 U.S. at 172. Most importantly, court-supervised notice at this stage serves the beneficial purposes of collective actions by ending the piecemeal litigation that has already characterized these claims to date -- and instead offering a single, consolidated proceeding for all of CABLENET's current and former cable technicians since March 2007.

4. **Given the settled right of cable technicians to overtime pay and the evidence of CABLENET's uniform practice of denying overtime pay to such employees, notice should be given to employees within a three-year statute of limitations.**

Notice within a three-year statute of limitations is appropriate in this case. The FLSA allows Plaintiff and similarly situated persons to collect damages within a three-year statute of limitations for willful violations, as alleged in the Complaint (D.E. 1). CABLENET's violation of the FLSA was "willful" – meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Here, the allegations of the Plaintiff and the testimony of other cable technicians uniformly point to a known practice of failing to credit and pay for all overtime hours for all cable technicians. The duties of Plaintiffs and the other cable technicians clearly were non-exempt. Indeed, CABLENET veritably concedes this point by having paid some, minimal overtime.

However, CABLENET knowingly violated the law by engaging in a uniform policy where it required its cable technicians not to report all of the hours they worked, including overtime hours. CABLENET is also on a paid piece rate basis by its cable company customers. Any overtime hours it has to pay to its cable technicians comes straight out of CABLENET's. Thus, this additional profit from failing to credit all preliminary and postliminary hours is yet another motive for CABLENET's FLSA overtime violations (in addition to saving money on wages and payroll taxes). Such overtly unlawful conduct is nothing less than willful.

14

**CONCLUSION**

In the instant case, there is a reasonable basis in evidence to conclude that CABLENET has violated the Fair Labor Standards Act, through its practice of failing to credit and pay for all overtime hours worked by its cable technicians. As shown, this practice is generally applicable to this entire class of workers across all of CABLENET's locations, thereby making appropriate the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all such similarly situated employees predominate over any questions affecting only individual members. Thus, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

The Plaintiff and those additional plaintiffs who have joined already, seek Court-authorization to provide notice to the class of similarly situated employees, based upon contact information to be ordered disclosed from CABLENET, along with an appropriate consent form for employees similarly situated to join this action. In addition, Plaintiffs request that the Court further order CABLENET to post the notice conspicuously at all of its locations where cable technicians have worked since March 2007 to the present in a manner such that the cable technicians will have an opportunity to easy access and review. *Rubery v. Buth-Na-Bodhaige*, Inc., 569 F.Supp. 2d 334 (W.D.N.Y. 2008); *Adams v. Inter-Con Security Systems*, 242 F.R.D. 530, 541-42 (N.D. Cal. 2007); *Sherrill v. Sutherland Global Services*, 487 F.Supp. 2d 344 (W.D.N.Y. 2007).

Plaintiff has conferred with defense counsel prior to filing this motion and the parties do not agree to the relief sought.

WHEREFORE, Plaintiffs pray that the Court enter an requiring CABLENET to produce the full name, date(s) and location(s) of employment, job title(s), address(es), date of birth, telephone

number(s), and email address(es) for each of the class members; and authorizing notice

(substantially in the form to be agreed by the parties with a form of consent to join to be agreed by

the parties, all to be sent to the class members; the posting the notice at all of CABLENET's

locations nationwide where cable technicians are employed, and conditionally certifying a class of

all current and former employees cable technicians throughout the United States for the benefit of

CABLENET at any time from  to the present.


Dated: March <u>10</u>, 2010                        Respectfully submitted,
Boca Raton, Florida

                                                **/S/GREGG I SHAVITZ**
                                                Gregg I Shavitz (Fla. Bar No. 11398)
                                                Email: gshavitz@shavitzlaw.com
                                                Hal B. Anderson (Fla. Bar No. 93051)
                                                Email: hal.anderson@shavitzlaw.com
                                                Camar R. Jones (Fla. Bar No. 720291)
                                                Email: cjones@shavitzlaw.com
                                                SHAVITZ LAW GROUP, P.A.
                                                1515 S. Federal Hwy, Suite 404
                                                Boca Raton, Florida 33432
                                                Telephone: (561) 447-8888
                                                Facsimile: (561) 447-8831
                                                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on **March 10, 2010**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/S/GREGG I SHAVITZ**
Gregg I Shavitz

## SERVICE LIST
**Menique Mertilus v. Cablenet Services Unlimited**
**CASE NO. 09-61919-CV-GOLD/MCALILEY**
**United States District Court Southern District of Florida**

Thomas H. Loffredo, Esq.                                (CM/ECF)
E-mail: tom/loffredo@gray-robinson.com
Gray Robinson, P.A.
401 East Las Olas Boulevard, Suite 1850
Fort Lauderdale, FL 33131
Telephone: 954-761-8111
Facsimile: 954-761-8112
Attorney for Defendants


Scott A. Holt, Esq.                                     (CM/ECF)
E-mail: sholt@ycst.com
Margaret Dibianca, Esq.                                 (CM/ECF)
E-mail: mdibianca@ycst.com
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6623
Fax: 302-576-3299
Attorney for Defendants